HINKLE ELKOURI LAW FIRM L.L.C.
2000 Epic Center
301 North Main
Wichita, Kansas  67202
Telephone:      316-267-2000
Facsimile:      316-264-1556

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL S. KING on behalf of himself and others similarly situated,<br>          *Plaintiffs,*<br><br>vs.<br><br>COWAN COOLANT MANAGEMENT SERVICES, LLC, REX LEE COWAN, and JOHN COWAN,<br>          *Defendants.* | Case No. 07-1352-JTM-DWB |

### **STIPULATED PROTECTIVE ORDER**

The Court considers this Stipulated Protective Order ("Order") between Plaintiff and Defendants to be collectively referred to herein as the "Parties" or in the singular, "Party".  The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the Parties' legitimate business interests and privacy rights, and the Court therefore enters the following Orders:

NOW, THEREFORE, IT IS HEREBY ORDERED that all Confidential Material shall be treated as follows:

1.      As used in this Order, "Confidential Material" shall mean any and all documents which are designated as confidential and subject to a protective order by a producing Party.  The parties shall limit their designations to materials which constitute or contain a trade secret or other confidential business documents or information, including, but not limited to personnel records and earnings records of plaintiff and represented Parties, financial and pricing information of a Party,

or which constitute or contain information of a private nature concerning an individual, including, but not limited to, parties and present and former owners, assigners, and managers of the Parties.

2. As used in this Order, "document" shall mean and include any "writing" or "recording" including, but not limited to, reproductions of original writings, interrogatory answers, responses to requests for admissions, responses to requests for production of documents, and deposition and court testimony.

3. All Confidential Material derived from discovery, including any notes or records regarding the contents of such information, may be disclosed only to the following persons:

(a) The Court, judicial officials, and court personnel pursuant to paragraph 9 of this Order;

(b) Counsel for the respective Parties to this litigation;

(c) Employees for those attorneys assigned to assist in the preparation of this litigation;

(d) Independent experts, consultants, accountants, translators, and others who are not employees of any Party to this action who have been retained specifically to perform work for attorneys in connection with the prosecution or defense of this litigation, or to handle ordinary business of the Parties;

(e) Persons whose names appear on those documents as authors or recipients thereof;

(f) Any designated trial representatives of the Parties;

(g) Any other person designated by the Court after appropriate motion and hearing or agreed to by the Parties in writing.

Only so much of the Confidential Material shall be disclosed to persons referred to in paragraphs 3(c), 3(d), or 3(e) as in the sound discretion of counsel for the Party is reasonably necessary to the performance of such person's function relating to this litigation.

4. Under no circumstances, other than those specifically provided for in this Order or a subsequent Court Order, shall any party receiving material designated as Confidential Material voluntarily disclose it to any persons other than the persons identified in paragraph 3 above.

5. Nothing in this Order shall be interpreted as limiting a Party's obligation to produce documents, materials, or information in discovery, nor shall this Order be interpreted as limiting a Party's right to refer to or to use Confidential Material for any legally relevant reason at any deposition, hearing, or in any oral or written submission to the Court subject to the provisions in paragraph 9 below.

6. This Order is intended to permit, without dispute, the production of information, and is without prejudice to the rights of any person or party to apply to the Court for any further order or protection that it deems necessary or to object on any appropriate grounds to any discovery requests.

7. After conferring with the appropriate opposing counsel concerning any disagreement, any Party contesting the designation of documents or information as Confidential Material may apply to the Court for an Order specifically removing the designated Confidential Material from the protection of this Order, or for some other Order limiting or expanding this Order.

8. The Confidential Material and the information contained therein or derived therefrom may be disclosed and discussed with the persons identified in paragraph 3 (except for those

Case 6:07-cv-01352-JTM-DWB   Document 15   Filed 02/15/08   Page 4 of 7

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 07-1352-JTM
*Michael S. King on behalf of himself and others similarly situated vs. Cowan Coolant Management Services, LLC, et al*
STIPULATED PROTECTIVE ORDER
Page 4 of 7
_____

identified in paragraph 3(a)), only on the condition that prior to disclosing the Confidential Material to any person, counsel shall:

(a) Apprise that person of the confidential nature of the documents;

(b) Apprise that person that this Court, pursuant to this Order, has enjoined the use of such documents or their contents by such person for any purpose other than this litigation, and has enjoined the disclosure of such documents or their contents to third parties; and

(c) With respect to persons described in paragraph 3(d), give that person a copy of this Order to read and obtain a signed copy of Exhibit "A" to indicate that such person agrees to comply with its terms. The disclosing counsel shall maintain a copy of the signed Exhibit A in his or her files.

9. In the event counsel for any of the Parties determines to file with or submit to this Court any Confidential Material, or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or any other papers containing or attaching such materials or information, that party shall comply fully with the provisions of Section II(J) of the Court's *Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kanas (Rev. July 25, 2007).*

10. The provisions of this Order, insofar as they restrict the disclosure and use of Confidential Material, shall have a continuing effect after the conclusion of this action. If any party has cause to believe that a violation of this Order has occurred or is about to occur, the party may petition this Court to reopen this case and to seek appropriate relief.

11. Nothing contained in this Order shall preclude any party from using its

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 07-1352-JTM
*Michael S. King on behalf of himself and others similarly situated vs. Cowan Coolant Management Services, LLC, et al*
STIPULATED PROTECTIVE ORDER
Page 5 of 7
_____

own documents in any manner it sees fit, or from revealing its own documents to whomsoever it chooses, without the prior consent of any other party or the Court. Nothing in this Protective Order shall be construed as a judicial finding that any designated Confidential Material constitutes or contains proprietary or confidential information or trade secrets.

12. The Parties understand and agree that this Order shall not in any way constitute a waiver of the rights of any Party to raise or assert any objections, including, but not limited to, defenses or objections with respect to the production, use, relevance, or admissibility at trial of any evidence, whether or not constituting Confidential Material furnished pursuant to this Order.

13. At the conclusion of this litigation, within ten business days of receiving a notice for return from the producing Party, all Confidential Material and copies thereof in the possession, custody, or control of any Party or its attorney shall be returned to the party producing the same or destroyed, with counsel for the respective Parties providing written confirmation to opposing counsel that the requirements of this paragraph have been met. Notes, memoranda, briefs, and summaries prepared by counsel are excluded from the provision of this paragraph, but only so long as they are maintained in the possession, custody, or control of that counsel and are withheld from all other persons following the conclusion of this case.

14. This Order may be modified in writing in the event that the Parties agree to such modification, or if such modification is ordered by the Court.

___

15. In the event that a Party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties with respect to any Confidential Material to be provided by the non-party to the requesting Party.

SIGNED this 15th day of February, 2008.

s/ DONALD W. BOSTWICK
JUDGE DONALD W. BOSTWICK

PREPARED AND APPROVED BY:

By: s/ Mitchell L. Herren
Mitchell L. Herren
Bar Number 20507
Jennifer R. Sager
Bar Number 22096
*Attorneys for Defendants*
Hinkle Elkouri Law Firm L.L.C.
2000 Epic Center
301 North Main Street
Wichita, Kansas 67202
Telephone:    316-267-2000
Facsimile:    316-264-1556
E-mail:       mherren@hinklaw.com
**E-mail:**   jsager@hinklaw.com

**APPROVED BY:**

**By: s/ Ray E. Simmons**
**Mark G. Ayesh, SC No. 10175**
**Ray E. Simmons, SC No. 12296**
**Ayesh Law Offices**
**8100 East 22nd Street North, Bldg. 2300**
**P.O. Box 781750**
**Wichita, Kansas 67278-1750**
*Attorneys for Plaintiff*
**Telephone:    316-682-7381**

**E-mail:**      mayesh@ayesh.kscoxmail.com
rsimmons@ayesh.kscoxmail.com